Prob 12D
(6/05)

# UNITED STATES DISTRICT COURT

for

EASTERN DISTRICT OF NEW YORK

### Request for Summons and
### Modification of the Conditions or Term of Supervision

Name of Offender: **BATTLE, Christian Damian**          Case Number: **99-CR-133(S-1)-04**

Name of Sentencing Judicial Officer: **Honorable Allyne R. Ross, U.S. District Judge**

Date of Original Sentence: **April 18, 2000; February 24, 2005**

Original Offense: **Conspiracy to Distribute and Possess With Intent to Distribute Heroin, 21 U.S.C. 896 and 841(b)(1)(B), a Class B Felony**

Original Sentence: **time served (1 day); 5 years TSR;** *Rev. Of TSR Sentence* **- 1 day CAG; 3 years TSR**

Type of Supervision: **Supervised Release**          Date Supervision Commenced: **February 25, 2005**

### PETITIONING THE COURT

The offender, not having waived a hearing, the probation officer requests that a summons be issued and hearing held to modify the conditions of supervision as follows:

**The offender shall enter a Community Corrections Center (CCC) for a period not to exceed 150 days or until discharged by the Program Director. The offender shall abide by the rules and regulations as set forth by the CCC.**

FILED
2005 DEC 12 P 12 54

## CAUSE

**The probation officer believes that the action requested above is necessary for the following reasons:**
On June 15, 2005, the offender attended his group session at the Long Island Consultation Center (LICC) and was subsequently tested for illicit drug use. On that date, the offender tested positive for the presence of marijuana. The offender was made aware of the results of the urine screen and acknowledged the results as accurate. Enclosed, please find a copy of the Client's Acknowledgment Drug Urine Screen confirming same. On July 20, 2005, the undersigned officer confronted the offender about the positive drug test on June 15, 2005. The offender denied that he tested positive for marijuana on that date. The undersigned officer showed the offender the Client's Acknowledgment Drug Urine Screen from LICC bearing his signature. The offender still would not admit to drug use. In August 2005, the offender eventually admitted that he had used marijuana in June but was afraid to acknowledge same to the undersigned officer.

The offender has an extensive and lifelong substance abuse history. The offender has tested positive for marijuana over twenty occasions while on supervision. The Probation Department has attempted to assist this offender in addressing his significant marijuana problem. The offender had been enrolled in our RUT Program from September 2000 to June 2001 and then again from January 2003 to August 2004. The offender participated in our in-house drug treatment program from November 2000 to February 2001. In October 2001, the offender was referred to LICC for substance abuse and mental health treatment. In March 2003, the offender was discharged from LICC due to poor attendance. In November 2003, the offender was again referred to LICC. To date, the offender's attendance continues to be erratic. Since returning to community supervision in February 2005, the offender attended two out of five sessions in March 2005; one out of four sessions in April 2005; two out of four sessions in May 2005; two out of four sessions in June; two out of four sessions in July 2005; two out of five sessions in August 2005; and three out of four sessions in September 2005.

The Probation Department believes that the offender would have benefitted from a more structured environment in response to his noncompliance and continued struggle with substance abuse. Therefore, the Probation Department presented the offender with the opportunity to sign a Waiver of Hearing to modify the conditions of supervision to include placement at a Community Corrections Center (CCC) for a period not to exceed 180 days. However, the offender elected not to sign the Waiver and requested that the matter be addressed in Court.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on: _November 28, 2005_

_Gregory Carter_
U.S. Probation Officer

---

**THE COURT ORDERS:**

☐ No action.

☒ The issuance of a summons.

☐ _____

Signature of Judicial Officer

11/28/05
Date

# UNITED STATES DISTRICT COURT

for

EASTERN DISTRICT OF NEW YORK

**Request for Summons and
Modification of the Conditions or Term of Supervision**

Name of Offender: **BATTLE, Christian Damian**         Case Number: **99-CR-133(S-1)-04**

Name of Sentencing Judicial Officer: **Honorable Allyne R. Ross, U.S. District Judge**

Date of Original Sentence: **April 18, 2000; February 24, 2005**

Original Offense: **Conspiracy to Distribute and Possess With Intent to Distribute Heroin, 21 U.S.C. 896 and 841(b)(1)(B), a Class B Felony**

Original Sentence: **time served (1 day); 5 years TSR;** *Rev. Of TSR Sentence* **- 1 day CAG; 3 years TSR**

Type of Supervision: **Supervised Release**         Date Supervision Commenced: **February 25, 2005**

**PETITIONING THE COURT**

The offender, not having waived a hearing, the probation officer requests that a summons be issued and hearing held to modify the conditions of supervision as follows:

**The offender shall enter a Community Corrections Center (CCC) for a period not to exceed 150 days or until discharged by the Program Director. The offender shall abide by the rules and regulations as set forth by the CCC.**



2005 DEC 12 P 12:54

FILED